Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50060 - 3 | **DATE** | 12/10/2002 |
| **CASE TITLE** | | USA vs. Proud | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Proud's motion for bill of particulars and motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for a bill of particulars and her motion to dismiss are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | DEC 16 2002 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12-10-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Melissa A. Proud, has been charged in Count I of a two-count indictment with conspiring to manufacture, distribute, and possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Before the court are Proud's motion for a bill of particulars and her motion to dismiss the indictment.

As for the first motion, the decision to grant a motion for a bill of particulars is within the sound discretion of the trial court. See id.; United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991), cert. denied, 504 U.S. 910 (1992). With respect to a conspiracy under 21 U.S.C. §§ 841(a)(1), 846 – the type with which Proud is charged in this case – the indictment "need only allege the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the statute violated." Canino, 949 F.2d at 949. Count I of the indictment in this case easily meets that criteria. It alleges that "as early as November 2001 and continuing to June 14, 2002," Proud conspired with three other named codefendants to manufacture, distribute, possess with intent to manufacture, and possess with intent to distribute 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Nothing more is required. The indictment need not disclose, as Proud suggests, other unindicted coconspirators or more specific facts in support of the conspiracy charge (i.e., overt acts). See United States v. Spears, 965 F.2d 262, 279 (7th Cir.), cert. denied, 506 U.S. 989 (1992). Proud also argues the indictment could lead to a lack of unanimity among the jurors because it alleges multiple objects of the conspiracy – manufacturing, distributing, or possessing with intent to manufacture or distribute. As the government points out, though, a simple jury instruction can cure this problem by explaining that the verdict must be unanimous as to at least one object of the conspiracy. Finally, Proud claims the indictment is too vague as to the conspiracy's location, which is alleged to be Morrison, Illinois and "elsewhere," and the conspiracy's time frame, which is alleged to have started "as early as November 2001." Once again, though, there is no requirement that the indictment specify the location of the conspiracy or its exact date. See United States v. Folks, 236 F.3d 384, 391 (7th Cir.), cert. denied, 122 S. Ct. 74 (2001). Many of Proud's objections to the sufficiency of the indictment are especially not well-taken in light of the discovery she admits she has received through the government's "open file" discovery policy. See Canino, 949 F.2d at 949; United States v. Bartelt, No. 96 CR 50034, 1997 WL 436229, at *7 (N.D. Ill. July 7, 1997) (Reinhard, J.) (denying motion for bill of particulars where government maintained "open-file" discovery policy).

Turning to the motion to dismiss, Proud relies again on the "as early as" language to argue the indictment is duplicitous and vague, to the extent that she cannot evaluate any possible double jeopardy problems that might arise. Specifically, she argues the government could conceivably convict her of the presently charged conspiracy and then recharge her with the same conspiracy but based on facts from before November 2001. This is clearly not the case. If this were to happen, the court would have to determine whether, under existing case law, there really were two separate conspiracies or whether the government had improperly charged a single conspiracy as two. See United States v. Sertich, 95 F.3d 520, 523-24 (7th Cir. 1996), cert. denied, 519 U.S. 1113 (1997). If the latter – if the government truly had recharged Proud with the same conspiracy alleged in the current indictment – she would be protected by the double jeopardy clause. In any event, the indictment once again need not specify the exact date of the conspiracy and the government may introduce evidence of the conspiracy occurring before November 2001, so long as it occurred before the date of the indictment and falls within the statute of limitations. See Folks, 236 F.3d at 391.

For the reasons stated above, Proud's motion for a bill of particulars and her motion to dismiss are denied.